1  Priority
   Send
2  Enter
   Closed
3  JS-5/JS-6 ____
   JS-2/JS-3 ____
4  Scan Only ____

ENTERED
CLERK, U.S. DISTRICT COURT

JUL   1 4 2005

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

FILED
CLERK, U.S. DISTRICT COURT

JUL  1 3 2005

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA

11  YVONNE S. MITCHELL,                    )    CASE NO. CV 04-08498 (RZ)
                                           )
12              Plaintiff,                 )
                                           )    MEMORANDUM OPINION
13          vs.                            )    AND ORDER
                                           )
14  JO ANNE B. BARNHART, Commissioner      )
    of Social Security,                    )
15                                         )
                Defendant.                 )
16  _____)

18          This matter is before the Court for review of the decision by the
19  Commissioner of Social Security denying Plaintiff's application for disability benefits.
20  Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled
21  by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the
22  Court to enter judgment upon the pleadings and transcript of the record before the
23  Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant
24  has filed the certified transcript of record, and each party has filed a supporting
25  memorandum. After reviewing the matter, the Court concludes that the decision of the
26  Commissioner should be affirmed.

27  ///

28  ///

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

1    The Administrative Law Judge concluded that Plaintiff suffered from the
2 severe impairment of having cervical arthritis, but that she nevertheless could return to her
3 past relevant work. Plaintiff challenges this determination as follows:

4

5    **A.   Obesity as an Impairment**

6    Plaintiff contends that the Administrative Law Judge erred by not considering
7 her obesity as an impairment. This argument hinges on an isolated phrase in a medical
8 report, and that report contains no indication that the doctor thought the obesity in any way
9 impeded the claimant. The doctor stated: "The claimant is a well-developed and well-
10 nourished very obese female who happens to be in no acute or chronic distress." [AR 134]
11 In *Celaya v. Halter*, 332 F.3d 1177 (9th Cir. 2003), the Court remanded for a consideration
12 of the plaintiff's obesity, even though the plaintiff had not explicitly raised it as an
13 impairment. However, as the Court subsequently noted in *Burch v. Barnhart*, 400 F.3d
14 676 (9th Cir. 2005), the decision in *Celaya* was premised on three factors, none of which
15 was present in *Burch*: the plaintiff had raised the impairment implicitly, if not explicitly;
16 the impairment was close to listing-level severity; and the plaintiff appeared without
17 counsel.

18    As in *Burch*, none of those factors is present here. Plaintiff did not raise the
19 fact of her obesity in any way; her obesity simply appears as an off-hand statement in one
20 of numerous medical reports. Not only does the obesity not approach listing-level
21 severity; the doctor who mentioned it attached no significance to it, and stated that
22 Plaintiff was in no acute or chronic distress. Plaintiff was represented at the administrative
23 proceedings, and she is represented here by the same counsel, and surely counsel, quite
24 experienced in Social Security law, could have raised the argument and developed it
25 administratively had there been something to the point.

26 ///
27 ///
28 ///

-2-

1    **B.    Other Impairments**

2            The Administrative Law Judge found that Plaintiff had a severe impairment
3    of cervical arthritis, but Plaintiff protests the failure to find other severe impairments,
4    specifically impairments of the shoulder, wrist and foot, as well as the neck. The decision
5    on severity, as with the ultimate decision, is to be upheld if it is backed by substantial
6    evidence. *Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996).

7            The Administrative Law Judge is not himself a doctor, but he is entitled to
8    rely on a medical expert to summarize the records and indicate whether those records show
9    severity from a medical standpoint. Such a medical expert is not an advocate, but an
10   objective viewer of the evidence. *Bentley v. Shalala*, 52 F.3d 784, 787 (8th Cir. 1995),
11   especially useful for the purpose of reviewing and interpreting records.    The
12   Administrative Law Judge here relied on the testimony of medical expert Dr. William
13   Temple. Dr. Temple summarized the various reports in the record, and concluded that the
14   only impairment which Plaintiff had which was severe within the meaning of the Social
15   Security Act was her cervical arthritis. [AR 391-94]

16           Plaintiff claims that, in addition to problems with her neck, she had
17   impairments of her shoulder, wrist and foot.   Substantial evidence supports the
18   Administrative Law Judge's implicit finding, based on the testimony of Dr. Temple, that
19   this was not so. Dr. Temple testified that other impairments were not severe and, in some
20   cases, had been resolved. As to her shoulder, for example, Dr. Temple noted that there
21   was no objective evidence of a severe impairment. X-rays showed a normal right shoulder
22   [*e.g.*, AR 128], and one doctor characterized her shoulder impairment as only mild [AR
23   190-92]. Another doctor who examined Plaintiff found that she had no orthopedic
24   limitations that could be objectively documented. [AR 135] The Administrative Law
25   Judge was entitled to rely on the opinion of his medical advisor when that opinion found
26   support in the record.

27   ///

28   ///

-3-

1    As for her wrist, the evidence supporting the Administrative Law Judge is
2    equally compelling. Perhaps most damning is the report of Dr. Lieb. [AR 132 *et seq*.]
3    Among other things, Dr. Lieb reported as follows:

5    [During the examination] She would not actively oppose her
6    thumb to a little finger but her thumb and little finger could be
7    passively placed in this position. She would not squeeze with
8    her right hand during manual testing of grip strength. *She,*
9    *however, was viewed in the courtyard of the building after the*
10    *examination to place a wristwatch on her left wrist using her*
11    *right hand. She also took the keys of her car out of her handbag*
12    *using her right hand and open[ed] the car door holding the key*
13    *between the thumb and index finger without difficulty.*

15    [AR 135 (emphasis added)]. With this kind of evidence, the Administrative Law Judge
16    was well within his rights not to include an impairment of the wrists as within the "severe"
17    impairments.

18    As for her foot, the medical advisor testified that plantar fasciitis "is very
19    easily treatable and not something that would be expected to last 12 months." [AR 392]
20    The Administrative Law Judge was entitled to rely on this evidence in reaching his
21    conclusion as to what severe impairments Plaintiff did have.

23    **C.   Credibility**

24    In finding that Plaintiff could return to her past relevant work, the
25    Administrative Law Judge also rejected her contention that her pain was disabling, finding
26    that her allegations as to the degree of her impairment were not credible. [AR 25-26] If
27    a claimant alleges "excess pain" and produces medical evidence of an impairment which
28    reasonably could be expected to produce the pain alleged, then the Administrative Law

-4-

1 Judge may reject the claims of pain only if he makes specific findings stating clear and
2 convincing reasons for doing so. *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991)
3 (*en banc*); *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996). Plaintiff asserts that the
4 Administrative Law Judge violated these obligations.

5         Plaintiff's primary argument is that the Administrative Law Judge wrongly
6 relied solely on the medical record. But this argument is unconvincing. To begin with,
7 while the absence of objective medical evidence may not *alone* be a basis for discrediting
8 testimony about pain, it certainly may be one of the factors upon which an administrative
9 law judge relies. *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001). Beyond this,
10 however, is the fact that the Administrative Law Judge did not talk just about the absence
11 of objective evidence; rather, he referenced the fact that doctors who had examined her
12 either had not prohibited her from performing light work or had found that she *could*
13 perform light work; that other doctors had not thought she had any severe impairment at
14 all; and that the medical expert thought that she had not been precluded from performing
15 light work. [AR 25] Inconsistencies between a claimant's testimony as to her pain and
16 the relevant medical evidence is a proper basis upon which an administrative law judge
17 may discredit the testimony. *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995).
18 Thus, the record was quite strong, by those who examined her as well as those who looked
19 at her medical records, that the pain was not as severe as she claimed, and certainly
20 sufficiently so for the Administrative Law Judge to have made his finding.

21         The Administrative Law Judge also noted that Plaintiff takes no medication
22 so potent as to indicate disabling pain. Plaintiff responds that the Administrative Law
23 Judge is not a doctor, citing *Day v. Weinberger*, 522 F.2d 1154 (1975); but while *Day*
24 holds that an administrative law judge, who himself is not a medical expert, exceeds his
25 authority if he goes beyond the record to consult medical textbooks, it does not require a
26 medical expert's testimony to describe a person's medication, especially if the medication
27 is a known analgesic. Occasionally, the record here contains reference to such common
28 medications as Ibuprofen [*e.g.*, AR 138, 267 (Motrin)] or the prescription Vicodin [*e.g.*,

1  AR 258], but Plaintiff points to nothing indicating strong pain medication over a period
2  of time from which an administrative law judge could infer a greater intensity of pain. *Cf.*
3  *Johnson, supra* (noting conservative nature of treatment suggests a lower level of pain and
4  functional limitation).

5      The Administrative Law Judge here complied with the *Bunnell* standard in
6  finding Plaintiff's testimony as to her level of pain not credible. The fact that there may
7  be other interpretations of a claimant's testimony that are reasonable does not mean that
8  the Administrative Law Judge erred. As long as his interpretation is reasonable and
9  supported by substantial evidence, it is not the role of the Court to second-guess it. *Rollins*
10 *v. Massanari*, 261 F. 3d 853, 857(9th Cir. 2001).

11

12                    *       *       *

13

14      In accordance with the foregoing, the decision of the Commissioner is
15  affirmed.

16

17      DATED: July __13__, 2005

18

19

20                              _____
                                RALPH ZAREFSKY
21                              UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

-6-